UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDIFER PARTNERSHIP,
LTD., etc.,

    Plaintiff,

v.                                                  No.3:04-cv-1238-J-12TEM

DOLGENCORP, INC., etc.,

    Defendant.

_____

WINN-DIXIE STORES, INC., etc.

    Plaintiff-in-Intervention,

v.

SANDIFER PARTNERSHIP, LTD., etc.
and DOLGENCORP, INC., etc.,

    Defendants-in-Intervention.

_____

## O R D E R

This cause is before the Court on Plaintiff/Defendant-in-Intervention Sandifer Partnership Ltd.'s (Sandifer) Motion to Remand and Alternative Motion for Leave to Dismiss (Doc.10) (motion to remand/dismiss). Plaintiff-in-Intervention Winn-Dixie Stores, Inc. (Winn-Dixie) joins in the motion to remand/dismiss and has filed a response in support of the motion (Doc.18) and a supplemental reply (Doc.41). Defendant/Defendant-in-Intervention Dolgencorp, Inc. (Dollar General) filed a response in opposition to the motion to remand/dismiss (Doc.17).

The Court has reviewed the submissions of the parties, and on August 3, 2005, heard argument of counsel. For the reasons set forth below, the Court finds that diversity of citizenship exists, however, the record does not adequately establish that the jurisdictional amount in controversy has been satisfied and therefore the case must be remanded.

Dollar General removed this case from state court. See Doc. 1. At the time of removal, Sandifer's Amended Complaint (Doc.3) and Winn-Dixie's Complaint-in-Intervention (Doc.6, Exhibit B) were pending.

Sandifer leases space in a Jacksonville, Florida, shopping center to both Winn-Dixie and Dollar General. The lease between Sandifer, the landlord, and Winn-Dixie, the anchor tenant, contains a "grocery exclusive" provision by which Sandifer agrees to restrict the sale of grocery items as defined in the lease by other tenants to "the lesser of 1,000 square feet of sales area or 10% of the square foot area of any storeroom...." Amended Complaint (Doc.3) at 3, ¶6. In its Amended Complaint (Doc.3) Sandifer seeks declaratory and injunctive relief against Dollar General to enforce the grocery exclusive provision, asserting that Dollar General knew or should have known that the property being leased was subject to rights in favor of Winn-Dixie and that the lease between Sandifer and Dollar General contains an implied obligation of good faith that Dollar General will refrain from conduct that would result in a material breach of the lease with the anchor tenant, Winn-Dixie. Id. at 4, ¶9 and 6, ¶14. Sandifer claims that sometime prior to August 2, 2003, Dollar General expanded its sale of grocery items such that a conflict with the Winn-Dixie grocery exclusive provision arose. Id. at 5, ¶11.

Winn-Dixie's Complaint-in-Intervention seeks a declaratory judgment against

Sandifer and Dollar General that in accordance with the grocery exclusive provision[1] in its lease with Sandifer, it has the exclusive right to sell grocery items as defined in the lease. Doc.6, Exhibit B, ¶22. In addition, Winn-Dixie seeks injunctive relief against Dollar General, requiring Dollar General to remove all merchandise necessary to comply with the grocery exclusive provision. Id. at ¶27. That is, Winn-Dixie seeks enforcement of the grocery exclusive provision of its lease with Sandifer against Dollar General. Winn-Dixie, also asserts an alternative equitable claim for unjust enrichment against Dollar General seeking "disgorgement of Dollar General's profits from the sale of groceries in a sales area of greater than 500 square feet." Id. at ¶34.

Sandifer's motion to remand/dismiss raises two issues for the Court's consideration: 1) whether diversity of citizenship exists when the parties are properly aligned according to their substantive interests; and 2) if so, whether Dollar General, as the removing party, has established by a preponderance of the evidence that the amount in controversy is at least $75,000. The Court considers each issue below.

The party seeking removal, in this case Dollar General, bears the burden of establishing federal jurisdiction. See, e.g., Seminole County v. Pinter Enterprises, Inc.,

---

[1] The Court notes that in the Amended Complaint and attached exhibits, Sandifer refers to the grocery exclusive as limiting other tenants to "to the lesser of 1,000 square feet of sales area or 10% of the square foot area of any storeroom...." Winn-Dixie's Complaint-in-Intervention refers to the grocery exclusive provision as limiting the sale of grocery items to "the lesser of 500 square feet of sales area or 10% of the square foot area of any storeroom...." During oral argument, counsel for Winn-Dixie stated that the application of the grocery exclusive provision would limit Dollar General to selling grocery items in approximately 600 square feet of its sales area. The Court simply notes these inconsistencies in the record and finds that it is not necessary for the Court to make a factual determination in rendering its decision on the motion to remand/dismiss.

184 F.Supp 2d. 1203, 1207 (M.D. Fla. 2000); Florida First Nat'l Bank of Jacksonville v. Bagley, 508 F.Supp 8, 11 (M.D. Fla. 1980). The Court must "ascertain the underlying substantive interests of the parties in dispute and arrange the parties according to their actual interests in the controversy" in order to determine the propriety of removal. Florida First, 508 F.Supp. at 9. The Court is not bound by the technical form of proceedings in state court, but must examine the state court pleadings. Id.

"Jurisdictional facts are assessed on the basis of the plaintiff's complaint *as of the time of removal.*" Burns v. Windsor Insurance. Co., 31 F.3d 1092, 1096 n.9 (citation omitted)(emphasis in original). "Any close questions regarding the propriety of removal are resolved in favor of remanding the case to the state court." Seminole County, 184 F.Supp. 2d at 1207.

At the time of removal, Sandifer's Amended Complaint and Winn-Dixie's Complaint-in-Intervention were pending in state court and are now before this Court for consideration in ruling on the motion to remand/dismiss. Diversity of citizenship exists in this case only if both Sandifer and Winn-Dixie, both Florida corporations, are considered plaintiffs. Dollar General, a Kentucky corporation, argues that because both Sandifer and Winn-Dixie are seeking to enforce the grocery exclusive provision against Dollar General, their actual interests are the same, so they are properly aligned as plaintiffs in this case and therefore diversity exists.

Sandifer and Winn-Dixie maintain that Winn-Dixie has interests adverse to Sandifer and as a result, they are both not properly aligned as plaintiffs in this case. They point out that should the grocery exclusive provision be found unenforceable against Dollar General and injunctive relief be denied, or should equitable relief and

monetary damages be denied, Winn-Dixie would have a breach of contract claim against Sandifer and could seek recovery for its failure to enforce the grocery exclusive provision. As a result, Sandifer and Winn-Dixie maintain that the proper alignment of the parties according to their substantive interests places either Winn-Dixie as plaintiff with Sandifer and Dollar General as defendants, or Sandifer as plaintiff with Winn-Dixie and Dollar General as defendants. With either alignment, diversity is lacking.

The Court finds Dollar General's argument more persuasive on this point. While Sandifer and Winn-Dixie correctly point out that Sandifer could have named Winn-Dixie as a defendant in the Amended Complaint and that Winn-Dixie and Sandifer have *potentially* adverse interests, the Court must look to the posture of the case and the claims before the Court at the time of removal.

The only claim Winn-Dixie has asserted against Sandifer is for declaratory relief asking that the grocery exclusive provision in its lease be found applicable to the lease between Sandifer and Dollar General. This is precisely the same relief that Sandifer seeks against Dollar General and therefore Sandifer and Winn-Dixie's interests are essentially the same vis-a-vis Dollar General. Other potential claims Winn-Dixie may have against Sandifer have not been asserted in the pleadings before this Court. At this stage of the proceedings, the issue in dispute between the parties is whether the "grocery exclusive" is enforceable against Dollar General, either contractually or equitably. The Court finds that both Sandifer and Winn-Dixie are properly aligned as plaintiffs according to their actual interests and therefore diversity of citizenship existed at the time of removal.

The Court now addresses the question of whether the record demonstrates that

5

the jurisdictional amount in controversy has been established. Where the plaintiff has not pled a specific amount of damages and it is not otherwise facially apparent from the complaint or the notice of removal that the amount in controversy exceeds $75,000, the party seeking removal must prove by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied and the Court may properly consider post-removal evidence in making that determination. See, e.g., Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). The amount in controversy is measured by determining the value of the litigation from the plaintiff's perspective. Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 220 (11th cir. 1997). Removal cannot be based simply on conclusory allegations that the amount in controversy is satisfied without setting forth the underlying facts supporting such an assertion. See Best Buy, 269 F.2d at 1319-1320.

In this case, Sandifer has sought only declaratory and injunctive relief in its Amended Complaint. In its Complaint-in-Intervention, Winn-Dixie also has sought declaratory and injunctive relief as well as monetary damages in the form of "disgorgement of Dollar General's profits from the sale of groceries in a sales area of greater than 500 square feet." Doc.6, Exhibit B at ¶34. To meet its burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000, Dollar General has submitted the affidavit of Bass Khoury, Vice-President of Merchandising for Dollar General. Doc.17 Exh.A.

In his affidavit, Mr. Khoury states that he is generally familiar with the lease between Dollar General and Sandifer in this case and with the monthly and annual

profit of the Dollar General store which is the subject of that lease. Id. at ¶2. He also states that he is aware of prior litigation where Winn-Dixie successfully enforced a "grocery exclusive" provision against a similarly situated Dollar General store and obtained injunctive or equitable relief in the form of disgorgement of profits which resulted in the elimination of a substantial part of the store inventory. Id. He then asserts that the enforcement of the "grocery exclusive" provision against Dollar General in this case

> would result in the loss of a substantial portion of Dollar General's profit for the remainder of the lease term (until March 2006). Dollar General's sales include a substantial part of what Winn-Dixie broadly categorizes as "groceries." As such, Dollar General's business would be damaged well in excess of $75,000 over the remainder of the lease term if injunctive or equitable relief in the form of disgorgement of profits is granted.

Id. at ¶3. He adds that "[i]f Dollar General is restricted to sell no more than 10% of its inventory as "groceries," according to Winn-Dixie's broad definition, then Dollar General will suffer well in excess of $75,000 in lost profit for the remainder of the lease term." Id. at ¶4.

The Court must consider that the plaintiff is master of his own claim such that in a clash over jurisdiction, any uncertainty must be resolved in favor of remand, but it also must exercise caution so as not to deprive the defendant of the right to a federal forum in an appropriate case. See, e.g., Burns, 31 F.3d at 1095, Logsdon v. Duron, Inc., 18 Fla. L. Weekly Fed. D583 (M.D. Fla. 5/17/05). A plaintiff's failure to agree or admit that it seeks recovery of less that $75,000 in damages or that the value of the litigation is less than the jurisdictional amount are factors the Court may consider. See, e.g., Best Buy, 269 F.3d at 1320; Logsdon, 18 Fla. L. Weekly Fed. at D584.

In this case, Winn-Dixie and Sandifer have not "consistently" refused to state that the damages sought will not exceed $75,000 or that the value of the declaratory and injunctive relief sought is less than the jurisdictional amount, but have argued that at this stage of the proceedings, the information regarding damages is solely in hands of Dollar General and there has not been sufficient discovery to make that determination. Cf. Logsdon v. Duron, Inc., 18 Fla. L. Weekly Fed. D583-D584 (M.D. Fla. 5/17/05)(plaintiff's evasiveness and refusal to limit damages evident from plaintiff's deposition and written discovery). This does not appear to be a case where Sandifer and Winn-Dixie are trying to "have it both ways" or are "hiding the ball." Cf. id. at D584.

The amount in controversy is to be determined by assessing the value of the object of the litigation to the plaintiff. Ericsson, 120 F.3d at 220. In this case, Sandifer and Winn-Dixie are seeking declaratory and injunctive relief to enforce the "grocery exclusive" provision that is contained in Winn-Dixie's lease with Sandifer. There is no evidence before the Court to suggest what the monetary value of such relief would be to Sandifer, and Dollar General has not attempted to utilize the value of such relief in establishing the amount in controversy.

Dollar General argues that the value of the declaratory and injunctive relief to Winn-Dixie can be measured in terms of "competitive loss" or lost profits due to Dollar General's violation of the grocery exclusive provision, therefore its future losses from restricting the sale of grocery items are the amount Winn-Dixie stands to gain. Doc. 17 at 8-10. Winn-Dixie's Complaint-in-Intervention also seeks alternative equitable relief in the form of disgorgement of "profits from the sale of groceries in a sales area of greater than 500 square feet." Doc. 6, Exhibit B, ¶34. Dollar General contends that this

requested relief also supports a finding that the amount in controversy exceeds $75,000. Id. Dollar General argues that Mr. Khoury's affidavit is sufficient to establish by a preponderance of the evidence that the relief sought by Winn-Dixie will meet the jurisdictional amount.

The Court cannot find that the statements of Mr. Khoury establish that it is more likely than not that the amount in controversy in this case is $75,000. Winn-Dixie has sought declaratory and injunctive relief to enforce the grocery exclusive provision and to require Dollar General to remove grocery items other than those allowed pursuant to the grocery exclusive provision, or alternatively, disgorgement of profits resulting from sales of grocery items in the sales area in excess of that permitted under the grocery exclusive provision of Winn-Dixie's lease with Sandifer.

To the extent that Mr. Khoury's affidavit speaks of losses to Dollar General resulting from reduction of inventory or restriction of sales space because of application of the grocery exclusive provision, the Court finds that such assertions are vague and conclusory and without sufficient factual foundation in the record to meet Dollar General's burden in establishing the amount in controversy. Furthermore, Mr. Khoury's affidavit does not specifically address the amount of damages alternatively sought by Winn-Dixie: the profits resulting from sales in the sales area in excess of that permitted under the grocery exclusive. Winn-Dixie is not seeking disgorgement of all profits from Dollar General's sale of grocery items, but only those profits resulting from use of sales area in excess of that permitted by the grocery exclusive. Mr. Khoury's affidavit does not make this distinction.

"Any doubt as to the propriety of removal must be resolved in favor of remand."

Florida First Nat'l Bank, 508 F.Supp at 11.  The evidence before the Court at this time does not establish that it is more likely than not that the relief sought by Winn-Dixie will meet the jurisdictional threshold.  Therefore the Court will grant Sandifer's motion to remand (Doc.10) and order that the case be remanded to state court.  Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That the Plaintiff's Motion to Remand (Doc.10) is granted and the motion to dismiss is moot;

2. That this case is hereby remanded to the Circuit Court, Fourth Judicial Circuit, in and for Duval, Florida; and

3. That the Clerk shall mail a certified copy of this Order to the Clerk of the Circuit Court, Fourth Judicial Circuit, in and for Duval, Florida.

**DONE and ORDERED** this 24TH day of August 2005.

Howell W. Melton
Senior United States District Judge

C:

Counsel of Record